(40 Misc. Rep. 695.)

## AUERBACH v. ROGIN.

(Supreme Court, Appellate Term.   May, 1903.)

**1. ARREST IN CIVIL ACTIONS—JURISDICTION OF MUNICIPAL COURT.**
   Under the express provisions of Municipal Court Act, § 56, subd. 4
   (Laws 1902, p. 1508, c. 580), the court has power to grant an order for
   arrest of defendant in a civil action on proof that he has disposed of his
   property with intent to defraud his creditors.

**2. JUDGMENT—ARREST OF DEFENDANT.**
   Under Municipal Court Act, § 39 (Laws 1902, p. 1502, c. 580), provid-
   ing that no execution against the person shall issue unless a verified
   complaint is served with the summons, or unless the summons and copy
   served contain an indorsement made by the clerk that plaintiff claims
   that defendant is liable to arrest and imprisonment in the case, the
   provision in a judgment for the arrest and imprisonment of defendant
   is improper when the pleadings are oral and the summons only refers
   to the arrest of defendant by requiring him to appear "immediately
   after" his arrest.

**3. ORDER OF ARREST—REFUSAL TO VACATE—MODIFICATION OF JUDGMENT.**
   A decision denying defendant's motion to vacate an order of arrest
   on the ground of the insufficiency of the papers on which it was granted
   is not inconsistent with a decision that the judgment rendered against
   defendant, so far as it provides that he is subject to arrest and impris-
   onment, is improper because of the failure of the summons and copy to
   comply with the requirements of Municipal Court Act, § 39 (Laws 1902,
   p. 1502, c. 580).

**4. PRINCIPAL AND SURETY—RIGHT OF SURETY AGAINST PRINCIPAL—PAYMENT OF
   DEBT.**
   A surety paying a part of his principal's obligation in cash and exe-
   cuting a note for the balance, which is accepted by the creditor in sat-
   isfaction of the debt, is entitled to a judgment against the principal for
   the sum paid, together with the amount of the note, though the note
   is not due.

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Action by Reuben Auerbach against Barnett Rogin.   From a judg-
ment for plaintiff, defendant appeals.   Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
TRUAX, JJ.

C. Frankel, for appellant.
J. Winkelfield, for respondent.

GILDERSLEEVE, J.   The pleadings are oral.   The complaint is
"by a surety against his principal for money paid, laid out, and ex-
pended upon a breach of contract in writing."   The answer is a "gen-
eral denial, bill of particulars."   The summons is dated February 16,
1903, and requires defendant to appear "immediately after your [de-

fendant's] arrest in this action." Municipal Court Act, § 58 (Laws 1902, p. 1509, c. 580). On the same day an order of arrest was issued against defendant, which was based upon several affidavits and an undertaking on arrest. The charge against defendant upon which the arrest was based was that defendant had disposed of his property with intent to defraud his creditors, including plaintiff. The Municipal Court has power to grant the order upon proof of such a charge. Municipal Court Act, § 56, subd. 4 (Laws 1902, p. 1508, c. 580). A motion was made at the commencement of the trial to vacate this order of arrest, which motion was based upon the alleged insufficiency of the papers upon which it was granted. The justice held that the intent to defraud was sufficiently established by the affidavits, and denied the motion. Upon the trial the defendant offered no evidence whatsoever. The plaintiff showed that he had become surety on a bond for defendant, that defendant had contracted with plaintiff to hold the latter harmless, and to pay whatever loss the plaintiff might suffer by reason of being such surety, and that, by reason of such obligation, the plaintiff was compelled to pay $150 to Fried & Co., and to give his notes for $350 more, which notes are not yet due. The justice gave judgment for plaintiff for $500 damages, and $33 costs. Defendant appeals from said judgment, and from an order denying his motion to set aside the said order of arrest. Upon the judgment is stamped the words, "Defendant subject to arrest and imprisonment."

As we have seen, the complaint was oral, and the only reference in the summons to the claim of plaintiff to the arrest of defendant is as follows: "You are hereby summoned, and required to appear, in this action, before one of the justices * * * immediately after your arrest in this action," etc. We have also seen that the judgment states that defendant is subject to arrest and imprisonment. Section 39 of the municipal court act (Laws 1902, p. 1502, c. 580) provides as follows:

"In an action where an execution may issue against the person, upon a judgment rendered in favor of the plaintiff, unless a verified complaint is served with the summons, a general reference to that fact must be indorsed by the clerk upon the summons, and upon the copy to be served on defendant, in the following form, 'Plaintiff claims defendant is liable to arrest and imprisonment in this case.' In the event of there being no such indorsement, no execution against the person shall issue, and the proof of service of such summons must show that the copy served on the defendant likewise had such indorsement upon it."

Upon the trial of this action no question of a fraudulent disposal of property was raised, except by the motion to set aside the order of arrest, which motion was based, as we have said, entirely upon the alleged insufficiency of the affidavits in showing a fraudulent intent. This ground the justice held to be untenable. We agree with this conclusion of the court below. The affidavits show satisfactorily an intent on defendant's part to defraud his creditors and plaintiff by the transfer of his property.

The provision in the judgment, for the arrest and imprisonment of the defendant, was improper, however, as we have seen, under the above-quoted section 39 of the municipal court act. The judgment,

therefore, must be modified by striking out the words, "Defendant subject to arrest and imprisonment." The order, however, denying the motion to vacate the order of arrest on the ground of the alleged insufficiency of the papers upon which it was granted, must be sustained. This decision is not inconsistent with the above modification of the judgment. The order of arrest was a preliminary measure pending the trial of the action, and is merged in the judgment. For all intents and purposes, therefore, it has ceased to exist. However, the defendant appealed from the court's refusal to set it aside, and we are called upon to pass upon the issue thus raised. We conclude, therefore, that the order denying defendant's motion to vacate the order of arrest must be affirmed, with $10 costs and disbursements.

The appellant claims that the justice was wrong in allowing $500 as damages, since it is conceded that at the time of the trial the plaintiff had paid only $150, while the remaining $350 were in the form of promissory notes, which plaintiff had not yet paid, for the reason that they had not matured. Where a surety gives his negotiable note for the debt of his principal, and such note is received expressly in satisfaction of the said debt, this is to be regarded as equivalent to the payment of the money, and the obligation of the principal to the surety has accrued, although the note has not yet been paid. Elwood v. Diefendorf, 5 Barb. 398; 24 Am. & Eng. Encyc. of Law (1st Ed.) .779. In the case at bar, the witness Peikes, a member of the firm of M. Fried & Co., testifies as follows:

"Q. Did you accept his [plaintiff's] notes of $500 in payment for the bond [plaintiff's Exhibit 1] and the notes of defendant [plaintiff's Exhibit 2]? A. Yes, sir. Q. After he gave you the notes for $500, did you deliver this bond and these notes to Auerbach [plaintiff]? A. Yes, sir. Q. And he has them now? A. Yes, sir."

It therefore appears that the notes of plaintiff were expressly received in satisfaction of the debt of the principal. As between the surety, plaintiff, and the principal, defendant, these notes are equivalent to money paid by plaintiff to M. Fried & Co. in discharge of the principal's obligation to said Fried & Co. We are of opinion that the justice was warranted in allowing to the plaintiff the whole amount claimed, including the $150 actually paid in cash by plaintiff to M. Fried & Co., and the $350 given in notes which have not yet matured. The judgment is modified, as above indicated, by striking out the words "Defendant subject to arrest and imprisonment," and, as thus modified, it is affirmed, with costs. Order denying motion to vacate order of arrest affirmed, with $10 costs and disbursements.

Judgment modified, as above indicated, by striking out "Defendant subject to arrest and imprisonment," and, as thus modified, affirmed, with costs. Order affirmed, with $10 costs and disbursements. All concur.