(88 Misc. Rep. 28)

RINDSKOPF v. ZIMMER.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. CONTRIBUTION (§ 4*)—COMMON LIABILITY—PROMISSORY NOTE.

One joint maker of a note, who pays the whole amount due, is entitled to contribution from the other makers.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

2. CONTRIBUTION (§ 6*)—PAYMENT OF COMMON LIABILITY—INDIVIDUAL NOTE.

In an action where the defendant pleaded as a counterclaim the right

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to contribution from plaintiff's assignor for one-half the amount of a note, jointly signed by defendant and plaintiff's assignor, and paid by the defendant, and where it appeared that defendant had given his individual note for the amount of the joint note, the giving of that note was not a payment, so as to entitle defendant to contribution, unless it was accepted as such; and it was therefore error to exclude evidence offered by the defendant that his note was accepted as payment.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 10–12; Dec. Dig. § 6.*]

Appeal from City Court of New York, Trial Term.

Action by Max Rindskopf against Benjamin Zimmer. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

See, also, 84 Misc. Rep. 32, 145 N. Y. Supp. 984.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Gallert & Heilborn, of New York City (David J. Gallert and Walter S. Heilborn, both of New York City, of counsel), for appellant.

Myers & Goldsmith, of New York City (E. J. Myers and Gordon S. P. Kleeberg, both of New York City, of counsel), for respondent.

SEABURY, J. This case was tried before the court without a jury, and judgment rendered for the plaintiff and against the defendant upon his counterclaim. Plaintiff, as assignee, sues to recover $1,500 for the purchase price of an automobile sold and delivered by plaintiff's assignor to defendant. Defendant denies the assignment, and pleads a counterclaim against plaintiff, based upon the contention that plaintiff's assignor and defendant made and delivered to Hilder their joint promissory note for $5,000, and that, to induce the defendant to sign such note, plaintiff's assignor agreed to indemnify the defendant to the extent of one-half the amount defendant was required to pay upon that joint note. Defendant claimed that, prior to the assignment to plaintiff, he paid the amount of the note and $300 interest. The defendant paid the original note of $5,000 by giving Hilder, the payee, his individual note and $300 interest. The assignment was fully proved. The question in dispute arises upon the counterclaim.

[1, 2] It seems to be settled law that, if the defendant paid the whole amount of the joint note, he is entitled to contribution against the plaintiff's assignor. The giving by the defendant of his own note was not such a payment as entitled the defendant to contribution by the plaintiff's assignor, unless the note was given in payment. Auerbach v. Rogin, 40 Misc. Rep. 695, 697, 83 N. Y. Supp. 154. If the creditors received the note of the defendant in satisfaction of the joint debt, the defendant is entitled to contribution from the plaintiff. Repeated efforts were made by the defendant, both by questions asked and offers made, to show that the individual note of the defendant was received in payment of the joint note, and that when the individual note became due it was paid in full by the defendant; but the court ruled out such offered testimony. These rulings were erroneous, and require a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.